UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-20148-CIV-HUCK/SIMONTON

DISABILITY ADVOCATES AND COUNSELING
GROUP, INC.,

       Plaintiff,

v.

PRIX INVESTMENT CORPORATION,

       Defendant.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

Presently pending before the Court is Plaintiff's Motion For Court Enforcement of Stipulation For Settlement, and Request For Evidentiary Hearing (DE # 6).  The Honorable Paul C. Huck, United States District Judge, has referred this motion to the undersigned Magistrate Judge (DE # 8).

On February 23, 2005, the District Court approved the Stipulation for Settlement in this matter, ordered the parties to file a notice of compliance when the obligations in the Stipulation were fulfilled, retained jurisdiction over the matter for the purpose of enforcement of the Stipulation for Settlement, and dismissed the matter (DE # 5).

The undersigned has reviewed Plaintiff's motion, and notes that the motion does not contain the certificate of consultation required by Local Rule 7.1 A. 3, captioned "Pre-filing Conferences Required of Counsel".

Local Rule 7.1 A. 3 states that:

> Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in writing), or make

reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute.  At the time of filing the motion, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so.  If certain of the issues have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved.  Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose upon counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Because Plaintiff has violated Local Rule 7.1 A. 3, its motion is denied without prejudice to renew after consultation with Defendant.  If Defendant is no longer represented by counsel, Plaintiff shall consult directly with Defendant.

Therefore, for the reason stated above,  it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Court Enforcement of Stipulation For Settlement, and Request For Evidentiary Hearing (DE # 6), is **DENIED without prejudice to renew**.  Any renewed motion must contain the Certificate of Consultation required by Local Rule 7.1 A. 3.

**DONE AND ORDERED** in chambers in Miami, Florida on March 6, 2008.

                                                                          *Andrea M. Simonton*
                                                                          ANDREA M. SIMONTON
                                                                          UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable Paul C. Huck,**
    **United States District Judge**
**All counsel of record**